**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-40579
Summary Calendar

J. RANDY STROUD,

Plaintiff-Appellant,

VERSUS

BROTHERHOOD OF LOCOMOTIVE ENGINEERS; UNION PACIFIC RAILROAD
COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas, Sherman Division

(4:99-CV-289)

November 27, 2002

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff J. Randy Stroud appeals from the district court's
grant of summary judgment to Defendants Brotherhood of Locomotive
Engineers (BLE) and Union Pacific Railroad Co. (UP) on his claims
alleging deprivation of contractual and statutory rights in a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

merger implementation agreement between BLE and UP, as well as claims of a violation of a duty of fair representation by BLE and wrongful interference with contractual relations by UP. The district court granted summary judgment on alternative grounds. First, it concluded that it lacked subject matter jurisdiction over the claims because they fell within the mandatory arbitration provision of Article I, Section 11 of the <u>New York Dock Ry.-Control-Brooklyn Eastern Dist. Terminal</u>, 360 I.C.C. 60, 84-90 (1979) ("<u>New York Dock</u>"), *aff'd sub nom.* <u>New York Dock Ry. v. United States</u>, 609 F.2d 83 (2nd Cir. 1979), conditions. Second, the district court held that where <u>New York Dock</u> did not preclude jurisdiction, it should decline jurisdiction under the primary jurisdiction doctrine. <u>Penny v. Southwestern Bell Telephone Co.</u>, 906 F.2d 183, 187 (5th Cir. 1990).

We review the district court's grant of summary judgment de novo, employing the same criteria used in that court. <u>Rogers v. International Marine Terminals</u>, 87 F.3d 755, 758 (5th Cir. 1996). Summary judgment should be granted where the record indicates no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. <u>Id.</u>

Here, we agree with the district court that the gravamen of Plaintiff's complaint is a dispute with the "interpretation, application and enforcement" of the BLE-UP implementation agreement. Thus, federal jurisdiction is precluded by the mandatory arbitration provision of <u>New York Dock</u> Article I, Section

11.  <u>Spaulding v. United Transportation Union</u>, 279 F.3d 901, 913 (10th Cir. 2002).  To the extent that federal jurisdiction is not preempted by the mandatory arbitration clause, we agree with the district court that it should be declined because the Surface Transportation Board has primary jurisdiction.  <u>Penny</u>, 906 F.2d at 187.

The judgment of the district court is AFFIRMED.